# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JOANN McCARDLE,**

    Plaintiff,

v.                                          CIVIL ACTION NO.: 3:14-CV-101
                                                           (GROH)

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Magistrate Judge Seibert issued his R&R, [ECF 16], on March 24, 2015. In the R&R, Magistrate Judge Seibert recommends the Court grant the Defendant's Motion for Summary Judgment, [ECF 13], because substantial evidence supported the Administrative Law Judge's ("ALJ") denial of the Plaintiff's application for supplement security income benefits. Magistrate Judge Seibert further recommends the Court deny the Plaintiff's Motion for Summary Judgment, [ECF 11], and that this case be dismissed with prejudice.

### I. Background

The Plaintiff filed her initial application for supplemental security income benefits on July 5, 2011, alleging disability beginning on June 1, 2010. The nature of the Plaintiff's disability claim has evolved over time; she now alleges that she was unable to work due to anxiety, depression, lower back problems, a learning disability, chronic obstructive pulmonary disease, shortness of breath, black-outs and difficulty walking. Her claim was denied on October 17, 2011, and again upon reconsideration on April 9, 2012. An

administrative hearing was held on July 23, 2013, before ALJ Jeffrey P. La Vicka. ALJ La Vicka issued his decision denying the Plaintiff's claim on July 29, 2013. The appeals council denied review of the Plaintiff's claim on August 4, 2014.

The Plaintiff filed her complaint in the instant civil action on September 3, 2014. The Defendant answered on November 4, 2014. On November 19, 2014, the Plaintiff filed a motion for summary judgment. The Defendant filed its cross-motion for summary judgment on December 10, 2014. The Plaintiff responded to the Defendant's motion on December 19, 2014. Magistrate Judge Seibert issued his R&R on March 24, 2015. Magistrate Judge Seibert recommends the Court grant the Defendant's motion for summary judgment, deny the Plaintiff's motion for summary judgment and dismiss this case with prejudice.

The Plaintiff timely filed her objections to the R&R on April 1, 2015. The Plaintiff objects to Magistrate Judge Seibert's finding that the ALJ's decision was supported by substantial evidence. Specifically, the Plaintiff argues that the ALJ improperly determined that the Plaintiff's impairments did not meet the criteria of "listing 12.05C," and that the magistrate judge's analysis of that listing was legally incorrect. The Plaintiff further avers that both the ALJ and the magistrate judge inappropriately relied on Hancock v. Astrue, 667 F.3d 470, 473 (4th Cir. 2012), a Fourth Circuit Court of Appeals decision analyzing listing 12.05C. The Defendant responded to the Plaintiff's objections on April 8, 2015.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must review *de novo* those portions of the magistrate judge's findings to which the Plaintiff objects. However, failure to file objections permits the district court to review the R&R under the standards that the district

2

court believes are appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived as to that issue. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Therefore, this Court will conduct a *de novo* review only as to those portions of the R&R to which the Plaintiff objects and will review the remaining portions of the R&R for clear error.

B. **Review of the ALJ Decision**

The Social Security Act limits this Court's review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case *de novo* when reviewing disability determinations."); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").

3

## C. Evaluation Process

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds the claimant is disabled or not disabled at a certain step, the ALJ does not proceed to the next step. Id. The steps are as follows:

> Step One: Determine whether the claimant is engaging in substantial gainful activity;
>
> Step Two: Determine whether the claimant has a severe impairment;
>
> Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional Capacity ("RFC") assessment;
>
> Step Four: Consider the RFC assessment to determine whether the claimant can perform past relevant work; and
>
> Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D.W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, after analyzing the Plaintiff's claim under the five-step process, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At issue in the instant case is the ALJ's determination that the Plaintiff failed to meet the criteria of paragraph C of listing 12.05, concerning intellectual disability. Because the parties have not presented argument concerning the Plaintiff's physical limitations, the Court focuses on the Plaintiff's mental limitations for purposes of this Order.

### III. Discussion

Upon careful consideration of the record, the parties' motions and the R&R, the Court finds Magistrate Judge Seibert committed no clear error with regard to the portions of the R&R to which the Plaintiff does not object. Furthermore, the Court finds the ALJ's determination that the Plaintiff's impairments did not meet the criteria of listing 12.05C was supported by substantial evidence.

As detailed above, in making his determination the ALJ followed a five-step evaluation process. At the third step of this process the ALJ determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the ALJ had determined that the Plaintiff suffered from an impairment that met or equaled one of those listings, then he would have found that the Plaintiff was disabled. See 20 C.F.R. § 416.920(a)(4)(iii).

Listing 12.05 provides as follows: "Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied." Subpart C of listing 12.05 contains two requirements: "A valid verbal, performance, or full scale IQ [intelligence quotient] of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

The Fourth Circuit has interpreted listing 12.05C as containing three distinct requirements, or prongs, that must be met before a plaintiff can prevail. Hancock, 667 F.3d

at 473.  Accordingly, the first prong of listing 12.05, sometimes referred to as the listing's threshold requirement, "requires a showing of deficits in adaptive functioning initially manifested during the developmental period."  Id. (internal quotation marks omitted).  This prong requires a finding of deficits in adaptive functioning generally and also a finding that the deficiency manifested itself during the developmental period, i.e., before the claimant reached twenty-two years of age.  Id. at 475 (describing the "two components" of the first prong).  The second prong requires "[a] valid verbal, performance, or full scale IQ of 60 through 70."  Id. at 473.  The third prong requires "a physical or other mental impairment imposing an additional and significant work-related limitation of function."  Id.  A plaintiff can prevail only by establishing that all three prongs have been satisfied.  Id. at 475.

Here, although the parties have engaged in some debate concerning the Plaintiff's IQ scores as determined by Rodney McCullough, M.A., the ALJ did not directly contest the validity of the Plaintiff's IQ scores under the second prong of the 12.05C requirements. Additionally, although the magistrate judge found that the Plaintiff had failed to satisfy the third prong of listing 12.05C, the Plaintiff's objections focus primarily on her alleged deficits in adaptive functioning under the first prong.  The Court agrees with the ALJ and with the magistrate judge that the Plaintiff has failed to make the requisite showing of deficits in adaptive functioning under the first prong.  The Court will conduct its review in light of the dispositive nature of this failure and the limited scope of the Plaintiff's specific objections.

The Plaintiff continues to assert that the ALJ's decision in general was not supported by substantial evidence.  More specifically, the Plaintiff, who is now forty-four, argues that the ALJ improperly determined that her deficits in adaptive functioning were not initially manifested before she turned twenty-two years of age.  Mr. McCullough, a licensed

6

psychologist who examined the Plaintiff prior to her administrative hearing, wrote that he believed the Plaintiff's "deficits in verbal intellect were present well before the age of 22." He based this opinion on a conversion of the Plaintiff's current IQ scores into "stanine scores," together with his review of the Plaintiff's poor grades in school before she stopped attending. The ALJ discounted Mr. McCullough's opinion for multiple reasons. Upon reviewing the significant number of days the Plaintiff was absent from school during the relevant time periods, the ALJ found that the Plaintiff's poor grades in school were "just as likely . . . related to her extreme truancy as opposed to her supposed intellectual difficulty." Furthermore, the ALJ found Mr. McCullough's opinion less than credible, stating that it was "unreasoned and premised on his predetermined outcome."

It is apparent that the ALJ's analysis was the result of a thorough review of the administrative record. He contrasted Mr. McCullough's findings with the conclusions of others in the record, including Morgan D. Morgan, M.A., and other state agency consultants. The ALJ also conducted his own review of the available academic records, which he found reflected "somewhat poor academic achievement," but not "the presence of listing level mental retardation at that time." This Court must not re-weigh the evidence or substitute its own judgment for that of the ALJ, so long as the ALJ's decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Here, the Court finds that the ALJ's conclusion was supported by substantial evidence and should not be disturbed.

The Plaintiff's other objection to the R&R is based upon a misunderstanding of the applicable law. The Plaintiff argues that the magistrate judge misapplied the Fourth Circuit's holding in Hancock, because the first prong of listing 12.05C "does not require any determination of current deficits in adaptive functioning." According to the Plaintiff, because

7

the Plaintiff's deficits in adaptive functioning were present before she was twenty-two, she meets the listing 12.05C requirements, and it is irrelevant whether she has any deficits in adaptive functioning generally.

As provided above, the Fourth Circuit made clear in Hancock that the first prong of the listing 12.05C requirements is itself a two-part inquiry. 667 F.3d at 475. In Hancock, the Fourth Circuit held:

> The ALJ found no deficits in adaptive functioning generally and also found that no deficiency manifested itself before the age of 22. Either finding alone, if supported by substantial evidence, would be sufficient to support the conclusion that Hancock did not satisfy Prong 1. Therefore, we must affirm the ALJ's decision if we find substantial evidence to support his findings with respect to either of the two components of Prong 1 of Listing 12.05C.

Id. In this case, the magistrate judge did not err in his analysis of the controlling law, and the Plaintiff's objection fails.

Therefore, even if the Court found that the ALJ's conclusion as to the Plaintiff's deficits in adaptive functioning during the developmental period was erroneous, the Court would still be required to affirm the ALJ's decision if a conclusion that the Plaintiff failed to show deficits in adaptive functioning generally was supported by substantial evidence. To that end, the Court finds that the ALJ's decision was sufficient on all fronts. While the ALJ's review of listing 12.05 was primarily focused on the Plaintiff's alleged deficits during the developmental period, he also provided a thorough review of the Plaintiff's other allegations, from which this Court can determine that his decision was supported by substantial evidence. Deficits in adaptive functioning have been defined as significant limitations in "communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and

safety." See Jackson v. Astrue, 467 F. App'x 214, 218 (4th Cir. 2012) (unpublished) (citing Atkins v. Virginia, 536 U.S. 304, 309 n.3 (2002) (quoting American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 41 (4th ed. 2000))). Here, the ALJ found that the record contained "no support for the assessment that the claimant is unable to function within the community without assistance." He reviewed the Plaintiff's "quite extensive" daily living activities, which included computer use and the maintenance of a Facebook page, shopping, cooking, cleaning, doing laundry and occasionally swimming in a river. The ALJ concluded that the Plaintiff's ability to engage in these activities undermined the credibility of her disability claim, as her daily activities "are not limited to the extent one would expect, given her complaints of disabling symptoms and limitations." Despite a work history that involved a position as a certified nursing assistant and more recently as a dishwasher, the ALJ found that the Plaintiff "demonstrated little apparent motivation, inclination, or need to sustain consistent employment." The ALJ concluded that the Plaintiff's credibility was "at best, fair," and that Mr. McCullough's opinion, which suggested significant mental functional limitations, was outweighed by the rest of the record, including the findings of a neutral consultative examiner. The Court finds that the ALJ's conclusion that the Plaintiff failed to satisfy the first prong of the listing 12.05C requirements was supported by substantial evidence.

For the reasons provided above, this Court finds that the ALJ's decision was supported by substantial evidence and that Magistrate Judge Seibert's R&R should be adopted.

## IV. Conclusion

Accordingly, because substantial evidence supported the ALJ's decision, the Court **OVERRULES** the Plaintiff's objections. Upon review of the above, it is the opinion of this Court that the Report and Recommendation, [ECF 16], should be, and is, hereby **ORDERED ADOPTED**. The Court **ORDERS** that the Defendant's Motion for Summary Judgment, [ECF 13], be **GRANTED** and the Plaintiff's Motion for Summary Judgment, [ECF 11], be **DENIED**. The Court further **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and that it be stricken from this Court's active docket.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter a separate order of judgment in favor of the Defendant.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** May 8, 2015

_/s/ Gina M. Groh_
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE